**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **CALY WATKINS, as legal guardian of K.W.,**<br><br>Plaintiff,<br><br>v.<br><br>**JORDAN SCHOOL DISTRICT, et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:19-cv-00407-PMW**<br><br>**Chief Magistrate Judge Paul M. Warner** |

All parties in this case have consented to Chief Magistrate Judge Paul M. Warner conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[1] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendants Jordan School District, Jordan School District Board of Education, Anthony Godfrey, Bryce Dunford, and Amanda Bollinger's (collectively, "Defendants") motion to dismiss Plaintiff Caly Watkins' ("Plaintiff" or "Ms. Watkins") second amended complaint.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* ECF no. 22.

[2] See ECF no. 35.

## BACKGROUND

The following facts are taken from Plaintiff's second amended complaint (the "complaint"). Plaintiff K.W. is eight years old and has diabetes. He began attending Butterfield Canyon Elementary School ("Butterfield Canyon") in 2016, which is part of Jordan School District ("JSD").

K.W. uses two different types of insulin to manage his diabetes. When K.W. was in first grade, JSD's nurses administered his diabetes medication. His mother, Ms. Watkins, requested that pictures of the prepared syringes be sent to her via text message to ensure the correct dose was being given. On numerous occasions, JSD nurses did not send a picture of the correct dose or the picture was blurred which prevented Ms. Watkins from verifying the correct dosage.

On April 17, 2018, Ms. Watkins' was unable to receive transmitted readings from K.W.'s blood glucose monitor. Ms. Watkins rushed to the school to check on K.W.'s well-being. Ms. Watkins entered the school building without first checking in at the main desk pursuant to school policy. Shortly after, Ms. Watkins received an email from JSD informing her that an unannounced entry into the building violated school policy and that the continuation of improper school visits may result in limited access to the school. JSD also notified her that the School Resource Officer had been alerted of the incident.

Based on growing concerns regarding inconsistencies and difficulties with school nurses' medication management of K.W.'s diabetes, Ms. Watkins made various requests on multiple occasions for accommodations regarding the administration and supervision of K.W.'s diabetes treatment. Specifically, Ms. Watkins requested that K.W. be allowed to have

his diabetes medication administered by JSD nurses via pre-filled syringes, prepared at home by K.W.'s parents. JSD denied these requests for accommodations.

On September 11, 2018, due to the ongoing disagreement regarding K.W.'s diabetes medication management, JSD placed K.W. on home hospital status. K.W. received his education via home hospital placement for approximately six months while Ms. Watkins and JSD attempted to resolve the issues related to K.W.'s diabetes management.

Over the course of the entirety of the 2018-2019 school year, K.W. had requested numerous times, via his parents and through counsel, in writing and in meetings, that JSD modify its policies to allow him to carry and self-administer syringes that are pre-filled with home-diluted insulin to manage his diabetes. K.W.'s doctors signed off on this diabetes management, as had his parents, in accordance with Utah law. All of Plaintiff's requests for accommodations were denied. As a result, K.W. was denied the ability to attend school with his classmates for a year.

Plaintiff filed the complaint against Defendants on September 5, 2019. Plaintiff alleges five causes of action for violations of the American Disabilities Act ("ADA"), *see* 42 U.S.C. §§ 12131 *et seq.*, two causes of action for violations of the Rehabilitation Act, *see* 29 U.S.C. §§794 *et seq.*, one cause of action for violation of 42 U.S.C § 1983, and two causes of action for violations of the Equal Protection Clause. In response to Plaintiff's complaint, Defendants filed the instant motion to dismiss.[3]

---

[3] *See* ECF no. 35.

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, constitutes facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under Rule 12(b)(6), the court must accept all well-pleaded allegations in the complaint as true and view those allegations in the light most favorable to the nonmoving party. *See Stidham v. Peace Officer Standards Training*, 265 F.3d 1144, 1149 (10th Cir. 2001) (citing *Sutton v. Utah Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)). The court must limit its consideration to the four corners of the complaint, and any documents attached thereto, and any external documents that are referenced in the complaint and the accuracy of which are not in dispute. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001).

## DISCUSSION

### I. Plaintiff's first, second, third, sixth, and seventh causes of action

Defendants argues that Plaintiff's first, second, third, sixth, and seventh causes of action should be dismissed because Plaintiff was not discriminated against because of his disability and Defendants provided Plaintiff with a reasonable accommodation.

To state a claim under the ADA or § 504, Plaintiff must allege (1) that he "is a qualified individual with a disability," (2) that he was "either excluded from participation in or denied the benefits of some entity's services, programs, or activities, or was otherwise discriminated against

4

by the public entity," and (3) "that such exclusion, denial of benefits, or discrimination was by reason" of his disability." *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1295 (10th Cir. 2016). For purposes of the ADA, proof of discrimination may be established by showing that Defendants intentionally acted on the basis of Plaintiff's disability. *See Barber ex rel. Barber v. Colo. Dep't of Revenue,* 562 F.3d 1222, 1228-29 (10th Cir.2009) ("Intentional discrimination can be inferred from a defendant's deliberate indifference to the strong likelihood that pursuit of its questioned policies will likely result in a violation of federally protected rights."). Discrimination may also be established by evidence that Defendants refused to provide Plaintiff with a reasonable accommodation after learning of disability and Plaintiff's request for a reasonable accommodation. *See Robertson v. Las Animas Cnty. Sheriffs Dep't.*, 500 F.3d 1185, 1195 (10th Cir. 2007) (stating that public entities must "make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability") (citation omitted).

Plaintiff's complaint alleges that Defendants were aware of Plaintiff's disability but refused to provide Plaintiff with reasonable accommodations or modifications to their existing policies despite Plaintiff's requests. These allegations are sufficient to state a plausible claim for relief under Title II of the ADA. Therefore, Plaintiff has sufficiently pled discrimination for the purposes of overcoming a motion to dismiss.

Defendants arguments regarding the reasonability of the offered accommodations, assessment of meaningful access, and reasons for refusing Plaintiff's requests are premature at this stage in the litigation. The court notes that the cases Defendants relies upon are assessed

under a summary judgment standard, not a Rule 12(b)(6) standard. Accordingly, Defendants' motion to dismiss Plaintiff's first, second, third, sixth, and seventh causes of action is denied.

## II.     Plaintiff's fourth and fifth causes of action

Defendants argue that Plaintiff's fourth and fifth causes of action should be dismissed because Plaintiff was not engaged in a protected activity when he entered the school, and Plaintiff has not alleged a materially adverse action proscribed by the ADA. To establish a *prima facie* case of retaliation under the ADA, Plaintiff must prove: (1) that he engaged in protected activity, (2) that he was subjected to an adverse action contemporaneous with or subsequent to the protected activity, and (3) a causal link between the adverse action and the protected activity. *See Proctor v. United Parcel Serv.,* 502 F.3d 1200, 1208 (10th Cir. 2007).

Protected activity includes the making of a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing pursuant to the ADA. *See* 42 U.S.C. § 12203(a). Requesting reasonable accommodations for a disability also constitutes protected activity. *See, e.g.*, *Selenke v. Med. Imaging of Colo.*, 248 F.3d 1249, 1266 (10th Cir. 2001); *see also Weixel v. Bd. of Educ. of N.Y.,* 287 F.3d 138, 148-49 (2d Cir. 2002) (a retaliation claim may be based on a request for reasonable accommodation). "To be adverse, a retaliatory action must be enough to dissuade a reasonable person from engaging in the protected activity; 'petty slights or minor annoyances' cannot qualify." *A.C. ex rel. J.C. v. Shelby Cnty. Bd. of Educ.*, 711 F.3d 687, 698 (6th Cir. 2013) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

> Unlike a plaintiff in an ADA *discrimination* case, a plaintiff in an ADA *retaliation* case need not establish that he is a "qualified individual with a disability." By its own terms, the ADA retaliation provision protects "any individual" who has opposed any act or

6

>practice made unlawful by the ADA or who has made a charge under the ADA. 42 U.S.C. § 12203(a). This differs from the scope of the ADA disability discrimination provision, 42 U.S.C. § 12112(a), which may be invoked only by a "qualified individual with a disability." An individual who is adjudged not to be a "qualified individual with a disability" may still pursue a retaliation claim under the ADA.

*Krouse v. Am. Sterilizer Co.*, 126 F.3d 494, 502 (3d Cir. 1997) (emphasis in original).

Plaintiff avers that Ms. Watkins made several requests for accommodations, which is a recognized as a protected activity. Ms. Watkins entered the school, without checking in per school policy, to check the status of K.W.'s glucose monitor which was not transmitting readings. The readings were not transmitting because JSD failed to adhere to K.W.'s written medical plan. Ms. Watkin's school entry could be construed as asserting K.W.'s rights under the ADA. Plaintiff alleges the email JSD sent to Ms. Watkins is an adverse action that could reasonably dissuade her future advocacy efforts.

While the allegations may be sufficient to plead a cause of action for retaliation against Ms. Watkins, she is not a party to the case in her individual capacity. With regards to Plaintiff, the complaint lacks factual allegations regarding adverse actions taken against K.W or evidence of a causal link. Accordingly, Plaintiff's fourth and fifth causes of action are dismissed with leave to amend.

### III.    Plaintiff's eighth cause of action

Defendants contend that Plaintiff's eighth cause of action asserted under § 1983 for an alleged violation of the ADA and/or § 504 should be dismissed because a § 1983 claim cannot be based on a violation of the ADA or § 504. The Tenth Circuit is silent on whether a plaintiff may base a § 1983 claim upon alleged violations of the ADA or the Rehabilitation Act. However,

other circuits that have addressed this question have held that an individual cannot be sued under § 1983 for violations of Title II of the ADA or § 504 of the Rehabilitation Act. *See Vinson v. Thomas,* 288 F.3d 1145, 1156 (9th Cir. 2002) (holding a plaintiff cannot bring a § 1983 suit to vindicate rights created under Title II of the ADA or § 504); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1011 (8th Cir. 1999) (same); *Holbrook v. City of Alpharetta,* 112 F.3d 1522, 1531 (11th Cir. 1997) (same); *Tri–Corp Hous. Inc. v. Bauman*, 826 F.3d 446, 449 (7th Cir. 2016) (same); *M.M.R.-Z. ex rel. Ramirez-Senda v. Puerto Rico*, 528 F.3d 9, 13 n.3 (1st Cir. 2008) ("Section 1983 cannot be used as a vehicle for ADA or other statutory claims that provide their own frameworks for damages."); *A.W. v. Jersey City Public Schools*, 486 F.3d 791, 805-06 (3rd Cir. 2007) (holding §1983 is not available to provide a remedy for an alleged violation of § 504); *Lollar v. Baker*, 196 F.3d 603 (5th Cir. 1999) (same).

The court finds the reasoning in the above cases persuasive and concludes that Plaintiff may not bring a cause of action under § 1983 to vindicate rights created by the ADA and § 504. Accordingly, Plaintiff's eighth cause of action is dismissed.

### IV. Plaintiff's ninth and tenth causes of action

Defendants argue that Plaintiff's ninth and tenth causes of action, asserted under § 1983 for alleged violations of the Equal Protection Clause should be dismissed because Plaintiff has not alleged he was treated differently than similarly situated individuals and Plaintiff cannot show Defendants denial of his requested accommodation was not rationally related to a legitimate governmental interest.

To state an equal protection claim, a plaintiff must allege the defendant treated him or her differently from another similarly situated person. *See Penrod v. Zavaras*, 94 F.3d 1399, 1406

(10th Cir. 1996); *Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("[T]o assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them."). At the pleading stage, a complaint is subject to dismissal "for failure to set out specific examples of similarly situated individuals and differing treatment." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1217 (10th Cir. 2011); *see also Glover v. Mabrey*, 384 F. App'x 763, 778 (10th Cir. 2010); *Barney,* 143 F.3d 1299, 1312-13 (10th Cir. 1998).

Here, Plaintiff has failed to allege the identity and characteristics of other similarly situated students and how those similarly situated students were treated differently. Indeed, Plaintiff does not identify any student who was treated differently. The complaint contains no instance where JSD granted similar requests made on behalf of other students and no similar circumstances where another student, disabled or nondisabled, was granted accommodations. Absent any relevant information about other students at JSD, Plaintiff cannot make the required threshold showing that he was treated differently from other students similarly situated. Consequently, Plaintiff's equal protection claims fail, and Plaintiff's ninth and tenth causes of action are dismissed.

### V.     Amanda Bollinger and Anthony Godfrey

Defendants argue that each of Plaintiff's claims arising under Title II of the ADA and § 504 asserted against Amanda Bollinger and Anthony Godfrey should be dismissed because individuals are not subject to claims arising under Title II of the ADA or § 504 of the

Rehabilitation Act. Plaintiff does not disagree. [4] Individual defendants may not be sued in their personal capacity under the ADA or § 504. To the extent Plaintiff is making claims against Amanda Bollinger and Anthony Godfrey in their personal capacity, those claims must be dismissed.

Defendants also request said individuals be dismissed in their official capacities because JSD is already a party to the suit. "Supervisors may be named in their official capacity and/or as alter egos of the employer, but just as a means to sue the employer." *Lewis v. Four B Corp.,* 211 F. App'x 663, 665 n.2 (10th Cir. 2005) (citation omitted). "[T]his procedural mechanism is superfluous" when "the employer is already subject to suit directly in its own name." *Id*. Amanda Bollinger and Anthony Godfrey are named as supervisory employees acting in their official capacities which amounts to a suit against JSD, who is already a party to the case. Naming these employees in their official capacity is redundant and unnecessary. *See Taylor v. Riverside Behavioral Health*, No. 10-CV-243-TCK-FHM, 2011 WL 1528791, at *3 (N.D. Okla. Apr. 20, 2011); *see also Barrera v. Casey's Gen. Stores, Inc*., No. 13-1146-JTM, 2013 WL 3756566, at *2 (D. Kan. July 15, 2013) ("When a plaintiff names as defendants both the employer and an employee in his or her official capacity, the claims against the employee merge with the claims against the employer."). For these reasons, Amanda Bollinger and Anthony Godfrey are dismissed as parties to the suit.

---

[4] *See* ECF no. 38 at 23.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss[5] is **GRANTED IN PART and DENIED IN PART,** as detailed above.

**IT IS SO ORDERED**.

DATED this 22nd day of May, 2020.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge

---

[5] *See* ECF no. 35.