# EXHIBIT C

9/23/2018                                                           Print Window

**Subject:** Re: Medical Service and 504 Grievance Procedures
**From:** powerstrokecaly@yahoo.com
**To:** nancy.ward@jordandistrict.org
**Cc:** fulvia.franco@jordandistrict.org; amanda.bollinger@jordandistrict.org; sarah.roper@jordandistrict.org; kami.ridd@jordandistrict.org; drdarrellrobinson@gmail.com; mary.murray@hsc.utah.edu; superintendent@jordandistrict.org; candie.checketts@jordandistrict.org; marlene.woolley@gmail.com; georgia.montoya@ed.gov; april@aprilhollingsworthlaw.com
**Bcc:** powerstrokecaly@yahoo.com; bridgetllewellyn@gmail.com; f.marcus551@gmail.com; coralee.moser@gmail.com; wadewatkinsmps@gmail.com
**Date:** Monday, September 3, 2018, 7:11:59 PM PDT

K___ will attend school September 5, 2018 and every day after, Wade and I will not jeopardize K___'s education.

Wade or myself will attend the entire school day to provide medical care for K___ and ensure his safety due to the fact that Jordan School District refuses to to accommodate his disability, provide care, and violates his legal rights. Applicable laws and codes are below for your convenience.
This process of parents caring for their child during school hours will continue until;
Jordan School District agrees the doctor recommended, safe, and appropriate accommodation regarding insulin administration specifically for K___.
Allow K___ to carry supplies that pertain to his disability, according to Utah Code, which is stated in the DMMO.
Allow K___ to self-administer insulin, which is stated in the DMMO.
Honor Dr. Murray's letter stating K___'s required necessity for pre-filled insulin syringes.
Stop pressuring parents to sign the voluntary "Nursing Services form". Both Dr. Murray and parents are willing to communicate with the school as long as the parents are directly involved in the conversation.
Complete an appropriate DMMO and renew an appropriate 504 Plan.

Constraints, absolutely. Wade and myself must protect K___ from the unprofessional behavior of staff members from Jordan School District. As you are aware, there is a history of multiple events when staff contacted numerous resources and discussed K___'s personal information in a manner that was not beneficial to K___. Each instance was against parents consent. As, stated in his 504 Plan, parents would be contacted prior. Butterfield Canyon Elementary violated K___'s 504 once again.

I have stated multiple times that we have been working with Dr. Murray since July 23, 2018 regarding K___'s DMMO.

Sarah Roper mentioned during the meeting on August 17, 2018 that after 10 days, the existing DMMO would no longer be valid and medication could no longer be administered. Sarah Roper and Amanda Bollinger said nothing when I refused to sign the "Nursing Services form" regarding K___ not being allowed to attend school. Neither Roper nor Bollinger mentioned anything until the email Friday, August 31, 2018 that K___ would be discriminated against and no longer have the legal right to attend public school.

Again, the laws and codes protecting K___'s right to attend public school are listed below. This type of harassment is completely unacceptable.

In conclusion, Wade and I ask that the Jordan school district finally do the right and resolve this issue properly. Please confirm, in writing, that K___ will be accomodated in the manner recommended by Dr. Murray and provided for in the laws and codes. We would like nothing more than to move beyond this and have a positive school year.

Wade and Caly Watkins

Section 504 of the Rehabilitation Act of 1973 protects your child with diabetes from discrimination on the basis of disability. This federal law, often known as "Section 504," prohibits programs that get federal funding from treating children with disabilities—like diabetes—unfairly. It gives students with disabilities the right to the care they need to be safe and fully participate in school and school activities. A disability under Section 504 is a "physical or mental impairment that

substantially limits one or more major life activities." Individuals with diabetes are considered to have a Section 504 disability because their endocrine system, a major life activity, is substantially limited.

The Americans with Disabilities Act2 (ADA) is a federal law that protects the child with a disability from discrimination in employment, government entities, and places of public accommodation, including schools.

State Laws, Regulations and Policies for School Diabetes Care
Federal law gives students the right to receive the diabetes care they need to be safe and participate in school activities just like any other child. Schools should provide the following:
• Trained staff to monitor blood glucose levels and administer insulin and glucagon • Trained staff to provide diabetes care during field trips, extracurricular events and all school-sponsored activities • Capable students permitted to self-manage their diabetes anytime, anywhere
Schools should not:
• Make family members go to school to care for a student's diabetes • Transfer students to a different school to get needed diabetes care • Prevent students with diabetes from participating in field trips, sports and other school-sponsored activities

Utah
About this information:
This information was prepared by the American Diabetes Association, a national leader in diabetes information and advocacy.
1. Does Utah allow school staff members who are not health care professionals to administer insulin?
Yes. Utah regulations specifically permit insulin administration to be delegated to unlicensed school personnel, as long as they follow the Individual health plan (IHP):
[...] the delegation of nursing tasks in a school setting is further defined, clarified, or established as follows: [...] (6) The routine provision of scheduled or correction dosage of insulin and the administration of glucagon in an emergency situation, as prescribed by the practitioner's order or specified in the IHP: (a) are not actions that require nursing assessment or judgment prior to administration; and(b) may be delegated to a delegatee. Insulin and glucagon injections by the delegatee shall only occur when the delegatee has followed the guidelines of the IHP. Utah Admin. Code R156-31b-701a.
2. Does Utah allow students to self-manage diabetes at school?
Yes. Utah law specifically allows students with diabetes to self-administer all types of diabetes care:
As used in this section, "diabetes medication" means prescription or nonprescription medication used to treat diabetes, including related medical devices, supplies, and equipment used to treat diabetes. (2) A public school shall permit a student to possess or possess and selfadminister diabetes medication if: (a) the student's parent or guardian signs a statement: (i) authorizing the student to possess or possess and self-administer diabetes medication; and [...] (b) the student's health care provider provides a written statement that states: I) it is medically appropriate for the student to possess or possess and self-administer diabetes medication and the student should be in possession of diabetes medication at all times [...]. Utah Code Ann. § 53A-11-604.
3. Does Utah allow students to carry diabetes supplies such as needles, insulin, and blood glucose testing devices?
Yes. As stated above, Utah specifically allows a health provider to authorize a student to have "possession of diabetes medication at all times." Utah Code Ann. § 53A-11-604(b). Federal Laws
Federal laws protect the rights of children with disabilities – such as diabetes. Students with diabetes have the right to enroll and participate in school, just like their classmates. This means they have the right to receive the diabetes care they need to be safe and have the same educational opportunities as students without diabetes have. There are several important federal laws that provide protections.
Section 504 of the Rehabilitation Act of 1973 (Section 504)
Section 504 of the Rehabilitation Act of 1973 (Section 504) provides important protections for students with diabetes attending public school or private and religious schools that receive
federal financial assistance. That is, it applies to the vast majority of students. Section 504 prohibits schools from treating children with disabilities—like diabetes—unfairly. It gives children with disabilities the right to the care they need to be safe and fully participate. Students do not need to have any problems with learning in order to be protected by Section 504. Covered schools are required to provide reasonable services and modifications that should be documented in a Section 504 Plan.
The best way to protect your child under this law is to put in place a Section 504 Plan. We encourage you to use our sample 504 Plans.
The Americans with Disabilities Act (ADA)
The Americans with Disabilities Act (ADA) is a federal law that prohibits discrimination against individuals with disabilities, including diabetes. It has provisions very similar to Section 504. It applies to public and private schools, preschools, child care centers, and camps except those run by religious institutions.
The Individuals with Disabilities Education Act (IDEA)
Under the Individuals with Disabilities with Education Act (IDEA), the federal government gives money to state and local education agencies to provide special education services to some children with certain disabilities. In order to get

9/23/2018                                           Print Window

services, the student's disability must harm his or her ability to learn. Some children with diabetes qualify for special education services under IDEA, especially if they have another disability, such as autism, or another learning disability. Some children may qualify on the basis of diabetes alone. Students who qualify will have an Individualized Education Program (IEP) that sets out what the school is going to do to meet the child's individual needs. Americans with Disabilities Act

**What is the Americans with Disabilities Act?**
The Americans with Disabilities Act (ADA) is a federal law that prohibits discrimination against qualified individuals with disabilities, including diabetes. The law also prohibits retaliation for asserting the right not to be discriminated against. The provisions of the ADA are substantially similar to those of Section 504 of the Rehabilitation Act of 1973.

**Are students with diabetes covered by the ADA?**
Yes. There is agreement that students with diabetes are covered under the ADA. Students are covered by the ADA if they have a disability, defined as a physical or mental impairment that substantially limits one or more major life activities. Major life activities include the functioning of major bodily systems such as the endocrine system. Diabetes, by its very definition, limits the functioning of the endocrine system. In guidance, the Office for Civil Rights of the Department of Education states: While there are no per se disabilities under Section 504 and [the ADA], the nature of many impairments is such that, in virtually every case, a determination in favor of disability will be made. Thus, for example, a school district should not need or require extensive documentation or analysis to determine that a child with diabetes, epilepsy, bipolar disorder, or autism has a disability under Section 504 and [the ADA].

**Which schools need to comply with the ADA?**
All public schools must comply with Title II of the ADA. All private schools, except religious schools, must comply with Title III of the ADA. (Religious schools that receive federal funding must comply with Section 504.)

**What must schools covered by the ADA do to comply with the law?**
The school must not discriminate against a child with a disability and is required to make reasonable changes in its practices and policies to avoid discrimination and to afford children with disabilities an equal opportunity to participate unless doing so would impose an "undue burden." Generally, schools will meet their obligations under the ADA by meeting their obligations under Section 504 of the Rehabilitation Act of 1973.

1/24/2018
53A-11-604 Diabetes medication -- Possession -- Self-administration.
(1) As used in this section, "diabetes medication" means prescription or nonprescription medication used to treat diabetes, including related medical devices, supplies, and equipment used to treat diabetes.
(2) A public school shall permit a student to possess or possess and self-administer diabetes medication if:
(a) the student's parent or guardian signs a statement:
(i) authorizing the student to possess or possess and self-administer diabetes medication; and
(ii) acknowledging that the student is responsible for, and capable of, possessing or possessing and self-administering the diabetes medication; and
(b) the student's health care provider provides a written statement that states:
(i) it is medically appropriate for the student to possess or possess and self-administer diabetes medication and the student should be in possession of diabetes medication at all times; and
(ii) the name of the diabetes medication prescribed or authorized for the student's use.
(3) The Utah Department of Health, in cooperation with the state superintendent of public instruction, shall design forms to be used by public schools for the parental and health care provider statements described in Subsection (2).
(4) Section 53A-11-904 does not apply to the possession and self-administration of diabetes medication in accordance with this section.

On Friday, August 31, 2018 06:24:19 PM PDT, Nancy Ward <nancy.ward@jordandistrict.org> wrote:

Dear Caly and Wade,

I am sending important information regarding medical service to K████ at school and our 504 Grievance Procedures. Please see the two attachments. I will send a hard copy of these two documents via U.S. mail, as well. Thank you.

--
Nancy Ward
Educational Support
Jordan School District
801-567-8235

cc: Fulvia Franco, Amanda Bollinger, Sarah Roper, Kami Ridd

9/23/2018 Print Window

 504 Grievance Procedure .pdf
488.7kB

 2018_08_31_KW Letter to Parent re Consent to Services.pdf
59.7kB